AUSTIN *v.* KNELL.

1. CARRIERS—DELIVERY—CONVERSION.

In a suit against the consignees and the carrier for the conversion of a car load of hair, where the consignees refused payment on the ground that they never received the goods, and the railroad company claimed that the car was placed on consignees' siding on April 22d, that on April 24th it was about three feet from the receiving door of consignees' plant, that it had not then been unloaded, and that on April 25th it was in the same place and empty, evidence *held*, to justify a verdict against the consignees and in favor of the railroad company.

2. CUSTOMS AND USAGES—CARRIERS—DELIVERY—EVIDENCE.

Evidence that it was the custom of the railroad company to place car load lots, consigned to defendants, on the spur track immediately adjacent to their plant, was admissible on the question of delivery.

Error to Wayne; Codd, J. Submitted June 22, 1915. (Docket No. 26.) Decided September 28, 1915.

Trover by Joseph H. Austin and another, copartners as the Austin-Olson Company, against William F. Knell and William F. Adams, copartners as Knell and Adams, and the Michigan Central Railroad Company, for the conversion of a carload of hair. From a judgment for plaintiffs against defendants Knell and Adams they bring error. Affirmed.

*Angell, Bodman & Turner,* for appellants.

*Selling & Brand,* for appellees.

MOORE, J. Plaintiffs sued defendants in an action of trover to recover the value of a carload of hair, which was delivered to the railroad company April 19, 1912, consigned to Knell & Adams, Beaufait Station, Detroit, Mich. There does not seem to be any dispute about the carload of hair being delivered to the railroad company, which company admits that it received the hair, and claims that the car was placed on the siding immediately back of Knell & Adams' plant, and within a few feet of its building, and where it was customary for the railroad to place car load lots consigned to Knell & Adams and that Knell & Adams received the hair.

It is the further claim of the railroad company that the car was placed on Knell & Adams' siding on April 22d, that on April 24th it was about three feet from the receiving door of Knell & Adams' plant, and that the car had not then been unloaded, and that on April 25th it was in the same place and empty. Knell & Adams claim never to have received the hair. The railroad company, claiming it had delivered the hair, refused to pay for it, and Knell & Adams, claiming they had not received it, refused to pay for it.

The plaintiffs, before this suit was brought, made demand of Knell & Adams as follows:

"September 16, 1912.

"In behalf of the Austin-Olson Company, I hereby make formal demand upon you of car load of hair shipped on the account of Austin-Olson Company by Sulzberger & Sons Company to you in April, 1912, and which it is claimed by the Michigan Central Railroad was delivered to you approximately upon April 24, 1912.

"If you are unwilling to deliver the hair, we hereby claim its value, $1,120, and ask either that the hair be turned over at once or its value in money be paid over.

"This demand is made in accordance with law prior to the commencement of suit in trover against you and the Michigan Central Railroad Company for the value of said car of hair."

A similar letter was sent to the railroad company.

After all the testimony of the plaintiffs was in, defendants moved for a directed verdict. This motion was refused. After the case was closed, it was renewed, and again refused. The case was submitted to the jury, which returned a verdict in favor of the railroad company of no cause of action, and found a verdict in favor of the plaintiffs against Knell & Adams in the sum of $1,232.

The judge, at the request of the plaintiffs, submitted to the jury four questions, which, with their answers, are as follows:

(1) Did Pennsylvania car No. 515436 contain 7,000 pounds (140 bags) of motor gray curled hair, and was it properly sealed by the S. Sulzberger & Sons Company and delivered to the defendant, the Michigan Central, on April 18, 1912? Yes.

(2) Was Pennsylvania car 515436 on the Knell & Adams industrial track, directly back of Knell & Adams' plant, on the morning of April 24, 1912? Yes.

(3) Had it up to that time been unloaded? No.

(4) Was Pennsylvania car 515436 unloaded on or about April 24, 1912, by Knell & Adams, or any of their employees? Yes.

A judgment was entered upon the verdict, and the case is brought here by writ of error. Counsel for appellants argue their assignments of error under the following heads:

(1) There was no evidence to support the finding that the car load of hair had been delivered to appellants by the Michigan Central Railroad Company.

(2) There was no evidence of conversion by appellants.

(3) Admission of evidence of custom and Exhibit BB was reversible error.

1, 2. Groups 1 and 2 may be considered together. We have already stated the respective claims of the parties, including the written demands made upon the defendants. There was testimony tending to support these claims. The pivotal question in the case is: Did the plaintiffs offer evidence that warranted the jury in finding that defendants Knell & Adams received from the plaintiffs a load of hair, which they claim they never did receive, and for which they have concededly not paid? It would profit no one to repeat the evidence. A careful reading of it satisfies us there was an abundance of it to justify the verdict.

3. Was there reversible error in admitting proof of the custom on the part of the railroad company to place car load lots consigned to Knell & Adams, Beaufait Station, on the spur immediately adjacent to the Knell & Adams plant? Mr. Adams, on cross-examination, testified in part as follows:

"So far as I can remember, nearly all of our car load shipments were unloaded in our building. Our plant was located so we could only unload one car at a time. If we had two or three cars standing on the side track opposite our plant, and one was unloaded, we would shove that along, and get the other down to be unloaded at the right place, and we would push it down farther with bars. We only had one rear entrance.

"Q. You spoke yesterday about telling the trucker not to take a car load of Sulzberger hair?

"*A*. No, sir; I did not. I understood somebody did. Possibly we were receiving some stuff on the Grand Trunk, which would come down town; but we could not be trucking car loads of hair that move in on the Michigan Central. It costs us money to truck it, and costs us nothing to have a car pulled on the side track."

We think it was competent, as bearing upon the question of delivery, to show what the custom was as to consignments of car load lots. We discover no reversible error.

The judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.